# AFFIDAVIT

I, Jesse K. Gambs, a Task Force Officer (TFO) of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, being duly sworn under oath, hereby depose and state:

1. I am a law enforcement officer of the United States, and under 18 U.S.C. § 3051, I am empowered by the Attorney General to conduct investigations, enforce criminal, seizure, and forfeiture provisions of the laws of the United States, carry firearms, serve warrants and subpoenas issued under the authority of the United States, make arrests without a warrant for any offense against the United States committed in my presence, and make arrests for a felony offense under the laws of the United States if there are reasonable grounds to believe that the person to be arrested has committed or is committing such a felony.

2. I am employed as a TFO with ATF and have been so since June 2019. I attended ATF Task Force Officer training December 3, 2019- December 6, 2019, at ATF Headquarters located in Washington, D.C. There, I received training about various topics including federal law as it pertains to possession of and trafficking in firearms.

3. I am also currently employed as a Police Officer with the Canton Police Department (CPD) located in Canton, Ohio. I became a sworn officer with CPD on April 19, 2013. I began my time with CPD as a uniformed patrol officer before being selected for the CPD VICE unit in or around August 2014. I spent approximately five years with the CPD VICE unit before becoming sworn with the ATF as a full time TFO. The CPD VICE unit is a plain clothes unit that specializes in investigating drug and firearm trafficking crimes as well as crimes of violence.

4. I am submitting this affidavit in support of a Criminal Complaint and an Application for an Arrest Warrant pursuant to Rules 3 and 4 of the Federal Rules of Criminal Procedure and

18 U.S.C. 3051, authorizing the arrest of Randall MAYLE, DOB: \*\*/\*\*/1988.

5. The facts contained in this Affidavit are based upon my personal knowledge of the investigation, in addition to my general knowledge, training, and experience, and the observations, knowledge, training, and experience of other officers and agents. All observations referenced below that were not personally made by me, were relayed to me by those who made such observations, either verbally or via reports written by those agents and/or officers.

6. This Affidavit contains information necessary to support probable cause for this application. It is not intended to include each, and every fact and matter observed by me or law enforcement or known to the government or serve as verbatim or transcribed accounts of interviews referenced in the affidavit.

## PROBABLE CAUSE

7. On July 12, 2023, at approximately 1:00 P.M., Adult Parole Authority (APA) Officer Jeremy Pfeifer received a telephone call from APA Supervisor Rick Polinori. The purpose of the call was to inform Pfeifer that the APA had received a complaint that Randall MAYLE was trafficking in drugs from his approved APA address on Yale Avenue NW, Canton in the Northern District of Ohio. MAYLE was currently on Parole with APA due to a previous felony drug conviction.

8. APA Officer Pfeifer then requested assistance from the Stark County Metropolitan Narcotics Unit (Metro) to visit MAYLE's address.

9. On July 12, 2023, APA Officer Pfeifer, with Metro agents arrived at MAYLE's residence. Agents knocked on the door to the South side of the residence and were greeted by Randall MAYLE'S mother. She informed agents that she had been asleep but believed MAYLE to be in his upstairs bedroom. She gave permission for APA, with the assistance of Agents and

Officers to search the home for MAYLE.

10. Agents began in the upstairs bedroom that reportedly belonged to Randall MAYLE. MAYLE was not present, but a female was in the bedroom.

11. In that same bedroom, Officers located in plain view a partial box of .38 Special Aguila brand ammunition.

12. Within minutes, an officer observed MAYLE walking northbound on Yale Avenue near the residence. APA officer Pfeifer, along with CPD Officer Sens and Agent Shanklin approached MAYLE. Upon contacting MAYLE, Officers instructed MAYLE to remove the backpack that was on his person. MAYLE initially was hesitant to do so but did finally removed the backpack. Officers inspected the backpack and located various narcotics inside the backpack along with a Bluetooth speaker and a Rossi firearm, Model: M33, Caliber .38 Special with Serial: D798076. It should be noted that the firearm was loaded with five rounds. Three of those were the same Aguila brand .38 Special ammunition located in the bedroom of MAYLE.

13. MAYLE was escorted back to the home and read his Miranda warning. MAYLE was asked about the contents of the backpack and he claimed that he (MAYLE) had found the backpack at a local park sometime in the previous few days. MAYLE also stated he had taken the ammunition found in his room out of the backpack and placed it in his room but further stated he had never touched the firearm.

14. APA Officer Pfeifer asked MAYLE for the passcode to the cellular telephone located on his (MAYLE'S) person when Officers first made contact. MAYLE stated he could not unlock the phone and that the phone was not operational. Agent Shanklin then asked the mother of MAYLE for his (MAYLE's) phone number. When Agent Shanklin used his Metro provided cellular phone to call the number provided, the phone found on MAYLE did ring. It should be

noted that the Bluetooth speaker found inside the backpack with the firearm and narcotics also rang. In TFO Gambs' experience this means MAYLE at some point had to have manipulated the Bluetooth speaker before placing it into the backpack with the firearm and narcotics in order to make the initial connection to his cellular phone.

15. APA did direct Officers to complete a search of the bedroom of MAYLE. A yellow in color digital scale along with small baggies that in TFO Gambs training and experience indicates drug trafficking were located.

16. The firearm and Narcotics were sent to the Stark County Crime Laboratory (SCCL) for analysis. The firearm was found to be operable. SCCL lab results on the recovered narcotics showed 3.33 grams Fentanyl, 1.60 grams Cocaine, .62 grams Methamphetamine, .41 grams of a combination of Fentanyl and Methamphetamine and 110.9 grams of Marijuana. The yellow in color digital scale also tested positive for traces of Cocaine.

17. MAYLE was transported to the Stark County Jail on state charges of Having Weapons Under Disability (F3), Possession of Cocaine (F3), Trafficking in Cocaine (F3), Possession of a Fentanyl Related Compound (F4) and Trafficking in a Controlled Substance (F4).

## CRIMINAL HISTORY

18. Affiant received certified copies of conviction documents which indicate MAYLE has previously been convicted of a crime punishable by imprisonment for terms exceeding one year, specifically one count of Aggravated Trafficking in Drugs and Aggravated Possession of Drugs, in violation of Ohio Revised Code Sections 2925.03(A)(2)(C)(1)(d) and 2925.11 (A)(C)(1)(c) , in the Stark County Court of Common Pleas, case number 2021CR0402. MAYLE knew he was convicted of this crime and that the previously described crime(s) are

punishable by more than one year. It should be noted that at the time of his arrest, Randall MAYLE was under supervision with the Ohio Adult Parole Authority. TFO Gambs reviewed a copy of the Parole conditions of supervision form signed by MAYLE. The conditions do spell out a prohibition from having firearms and/or ammunition in his (MAYLE'S) possession or under his control.

### INTERSTATE NEXUS

19. On September 12, 2023, Affiant consulted with ATF SA Jason Petaccio, a Firearm Interstate Nexus expert, regarding the Rossi Caliber: .38 Special, Model: M33, with Serial Number D790876. SA Petaccio identified the Rossi, Caliber: .38 Special, Model: M33 as being manufactured outside of the State of Ohio. Thus, the recovered firearm had traveled in interstate and/or foreign commerce.

## CONCLUSION

20. Based upon the above listed facts and circumstances, I assert there is probable cause that:

a. On or about July 12, 2023, Randall MAYLE, knowing he had previously been convicted of crimes punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate commerce a firearm, and said firearm having been shipped and transported in interstate commerce, in violation of Title 18 U.S.C. Section 922(g)(1).

*Jesse Gambs*
_____
Jesse K. Gambs, Task Force Officer,
Bureau of Alcohol, Tobacco,
Firearms and Explosives (ATF)

Subscribed and sworn to me this 18th day of September 2023 via telephone after submission by reliable electronic means. FED. R. CRIM. P. 4.1 and 41(d)(3).

_____
Amanda M. Knapp
United States Magistrate Judge